| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: __District of Delaware__ (State) | |
| Case number (*If known*): _____ Chapter __11__ | ☐ Check if this is an amended filing |

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
**Reverse Mortgage Investment Trust Inc.**

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names, and *doing business as* names  
**None**

**3. Debtor's federal Employer Identification Number (EIN)**  
4 6 – 4 0 1 3 4 2 1

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1455**    **Broad Street** <br> Number    Street | _____ <br> Number    Street |
| **2nd Floor** | _____ <br> P.O. Box |
| **Bloomfield**    **NJ**    **07003** <br> City    State    ZIP Code | _____ <br> City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| **Essex** <br> County | _____ <br> Number    Street |
| | _____ <br> City    State    ZIP Code |

**5. Debtor's website (URL)**  
**https://www.reversefunding.com**

| Debtor | Reverse Mortgage Investment Trust Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

6. **Type of debtor**

   ✓ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ❏ Partnership (excluding LLP)
   ❏ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ❏ Railroad (as defined in 11 U.S.C. § 101(44))
   ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ✓ None of the above

   B. *Check all that apply:*

   ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5 3 1 3

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ❏ Chapter 7
   ❏ Chapter 9
   ✓ Chapter 11. *Check **all** that apply*:

   ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ❏ A plan is being filed with this petition.

   ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ❏ Chapter 12

| Debtor | Reverse Mortgage Investment Trust Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ✓ No
   ☐ Yes. District _____ When ____/____/_____ Case number _____
                                         MM / DD / YYYY
            District _____ When ____/____/_____ Case number _____
                                         MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ✓ Yes. Debtor   See Schedule 1   Relationship _____
    District _____                              When ____/____/_____
    Case number, if known _____                      MM / DD / YYYY

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ✓ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ✓ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number    Street
                              _____
                              _____                    _____
                              City                          State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

| | **Statistical and administrative information** |
|---|---|

Debtor  Reverse Mortgage Investment Trust Inc.        Case number (if known)_____
        Name

### 13. Debtor's estimation of available funds ✓

Check one:

☐ Funds will be available for distribution to unsecured creditors.

✓ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

✓ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated assets

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
✓ $10,000,000,001-$50 billion
☐ More than $50 billion

### 16. Estimated liabilities

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
✓ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1 1 / 3 0 / 2 0 2 2
            MM / DD / YYYY

X _____       Craig Corn
Signature of authorized representative of debtor       Printed name

Title Chief Executive Officer

| | | | |
|---|---|---|---|
| Debtor | Reverse Mortgage Investment Trust Inc. | Case number (if known) | |
| | Name | | |

**18. Signature of attorney**  ✗  */s/ Michael J. Barrie*  Date  **11/30/2022**
                                  Signature of attorney for debtor          MM/DD/YYYY

**Michael J. Barrie**
Printed name

**Benesch Friedlander Coplan & Aronoff LLP**
Firm name

**1313 North Market Street, Suite 1201**
Number          Street

**Wilmington**                              **DE**          **19801**
City                                          State          ZIP Code

**(302) 442-7010**                            **mbarrie@beneschlaw.com**
Contact phone                                 Email address

**4684**                      **Delaware**
Bar number                    State

| **Fill in this information to identify the case**: |
|---|
| United States Bankruptcy Court for the: |
| **District of Delaware** |
| (State) |
| Case number *(if known)*: _____ Chapter ___11___ |

☐ Check if this is an amended filing

## Schedule 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

      On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Reverse Mortgage Investment Trust Inc.

  Reverse Mortgage Investment Trust Inc.
  Reverse Mortgage Funding LLC.
  RMIT Cash Management LLC
  RMIT Operating I LLC
  RMIT Operating II LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVERSE MORTGAGE INVESTMENT TRUST, INC.,[1] | ) ) | Case No. 22-_____ (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| BNGL Parent, L.L.C. | 1455 Broad Street, 2nd Floor Bloomfield, NJ 07003 | 100% |

---

[1] The last four digits of the Debtor's federal tax identification number are 3421. The Debtor's mailing address is 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVERSE MORTGAGE INVESTMENT TRUST, INC.,[1] | ) ) | Case No. 22-_____ (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Starwood Opportunity Fund XI Global, L.P. | 32.0% |
| Starwood Opportunity Fund XI U.S. Private SAR, L.P.[2] | 29.8% |
| Starwood Opportunity Fund XI U.S. Institutional SAR, L.P. | 32.5% |

---

[1] The last four digits of the Debtor's federal tax identification number are 3421. The Debtor's mailing address is 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] SOF-11 Investor International Private, SCSp owns approximately 98.57% of Starwood Opportunity Fund XI U.S. Private SAR L.P. and therefore owns, directly or indirectly, 10% or more of the equity in Reverse Mortgage Investment Trust Inc.

Fill in this information to identify the case:
Debtor name: Reverse Mortgage Investment Trust Inc., *et al.*
United States Bankruptcy Court for the: District of Delaware
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Compulink dba Celink<br>Attn: Ryan LaRose<br>P.O. Box 40724<br>Lansing, MI 48901<br><br>3900 Capital City Blvd<br>Lansing, MI 48906 | Compulink dba Celink<br>Attn: Ryan LaRose<br>PHONE: 866-654-0020 x1211<br>EMAIL: Ryan@celink.com | Trade | Contingent, Unliquidated, Disputed | | | Unliquidated |
| 2 | Lowenstein Sandler, LLP<br>Attn: President or General Counsel<br>65 Livingston Avenue<br>Roseland, NJ 7068 | Lowenstein Sandler, LLP<br>Attn: President or General Counsel<br>PHONE: 973-597-2500 | Trade | | | | $1,025,353.80 |
| 3 | Microsoft Corporation<br>Attn: President or General Counsel<br>P.O. Box 847543<br>Dallas, TX 75284-7543<br><br>One Microsoft Way<br>Redmond, WA 98052 | Microsoft Corporation<br>Attn: President or General Counsel<br>PHONE: 425-882-8080 | Trade | | | | $676,215.99 |
| 4 | DB Trust Co. Americas<br>Attn: President or General Counsel<br>P.O. Box 1757 - Church Street Station<br>New York, NY 10008<br><br>60 Wall Street<br>New York, NY 10005 | DB Trust Co. Americas<br>Attn: President or General Counsel<br>PHONE: 904-271-2541 | Trade | | | | $466,465.25 |
| 5 | Adfitech, Inc.<br>Attn: Steve Russell, CISM- Information Security Manager<br>3001 Technology Drive<br>Edmond, OK 73013-3734 | Adfitech, Inc.<br>Attn: Steve Russell, CISM- Information Security Manager<br>PHONE: 405-715-8385<br>EMAIL: steve.russell@adfitech.com | Trade | | | | $424,295.33 |
| 6 | Texas Capital Bank<br>Attn: President or General Counsel<br>2221 Lakeside Blvd, Ste 800<br>Richardson, TX 75082 | Texas Capital Bank<br>Attn: President or General Counsel<br>PHONE: 214-932-6600 | Trade | | | | $358,576.18 |
| 7 | Lendingtree<br>Attn: Chad Anger<br>P.O. Box 840470<br>Dallas, TX 75284-0470<br><br>11115 Rushmore Dr.<br>Charlotte, NC 28277 | Lendingtree<br>Attn: Chad Anger<br>PHONE: 704-943-8471; 800-616-0578<br>EMAIL: chad.anger@lendingtree.com | Trade | | | | $354,672.00 |
| 8 | Hunton Andrews Kurth LLP<br>Attn: President or General Counsel<br>P.O. Box 405759<br>Atlanta, GA 30384-5759<br><br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Hunton Andrews Kurth LLP<br>Attn: President or General Counsel<br>PHONE: 804-788-8200<br>FAX: 804-788-8218 | Trade | | | | $331,679.76 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 9 | Latham & Watkins LLP<br>Attn: President or General Counsel<br>P.O. Box 2130<br>Carol Stream, IL 60132<br><br>1271 Avenue of the Americas<br>New York, NY 10020 | Latham & Watkins LLP<br>Attn: President or General Counsel<br>PHONE: 212-906-1200 | Trade | | | | $241,591.65 |
| 10 | Saksoft Inc<br>Attn: President or General Counsel<br>30 Montgomery Street Suite 1240<br>Jersey City, NJ 7302 | Saksoft Inc<br>Attn: President or General Counsel<br>PHONE: 201-451-4609; 201-451-4612<br>FAX: 212-504 8026 | Trade | | | | $168,911.00 |
| 11 | CDW Direct<br>Attn: President or General Counsel<br>P.O. Box 75723<br>Chicago, IL 60675-5723<br><br>200 N. Milwaukee Ave<br>Vernon Hills, IL 60061 | CDW Direct<br>Attn: President or General Counsel<br>PHONE: 866-782-4239<br>EMAIL: credit@cdw.com | Trade | | | | $152,394.20 |
| 12 | Mortgage Information Services, Inc.<br>Attn: President or General Counsel<br>4877 Galaxy Parkway<br>Cleveland, OH 44128 | Mortgage Information Services, Inc.<br>Attn: President or General Counsel<br>PHONE: 216-514-7480<br>FAX: 888-901-4648 | Trade | | | | $135,915.00 |
| 13 | Damianos Pinelawn,LLC<br>Attn: President or General Counsel<br>222 Middle Country Road, Suite 300<br>Smithtown, NY 11787 | Damianos Pinelawn,LLC<br>Attn: President or General Counsel<br>PHONE: 631-360-9000 | Trade | | | | $135,317.44 |
| 14 | Reverse Vision, Inc.<br>Attn: President or General Counsel<br>1620 Fifth Avenue, Suite 525<br>San Diego, CA 75267 | Reverse Vision, Inc.<br>Attn: President or General Counsel<br>PHONE: 858-433-4950 | Trade | | | | $133,719.00 |
| 15 | Bay Docs, LLC<br>Attn: Megen Lawler<br>890 Lamont Ave Suite 101<br>Novato, CA 94945 | Bay Docs, LLC<br>Attn: Megen Lawler<br>PHONE: 888-297-3627<br>EMAIL: mlawler@baydocs.net | Trade | | | | $108,875.00 |
| 16 | Weiner Brodsky Kider PC<br>Attn: President or General Counsel<br>1300 19th Street NW 5th Floor<br>Washington, DC 20036-1609 | Weiner Brodsky Kider PC<br>Attn: President or General Counsel<br>PHONE: 202-628-2000 | Trade | | | | $108,670.40 |
| 17 | Berkeley Research Group<br>Attn: President or General Counsel<br>2200 Powell Street<br>Suite 1200<br>Emeryville, CA 94608 | Berkeley Research Group<br>Attn: President or General Counsel<br>PHONE: 510-285-3300<br>FAX: 510-654-7857 | Trade | | | | $108,188.63 |
| 18 | Mayer & Brown LLP<br>Attn: President or General Counsel<br>230 South LaSalle Street<br>Chicago, IL 60604-1404 | Mayer & Brown LLP<br>Attn: President or General Counsel<br>PHONE: 312-782-0600 | Trade | | | | $100,000.00 |
| 19 | Bladock S.A<br>Attn: Oscar Lopez<br>Alarcon 1457<br>Montevideo 11600<br>Uruguay | Bladock S.A<br>Attn: Oscar Lopez<br>PHONE: 598-98172089<br>EMAIL: oscar@bladock.com | Trade | | | | $91,380.00 |
| 20 | Oracle America, Inc.<br>Attn: President or General Counsel<br>2300 Oracle Way<br>Austin, TX 78741 | Oracle America, Inc.<br>Attn: President or General Counsel<br>PHONE: 737-867-1000 | Trade | | | | $85,671.00 |

Debtor: Reverse Mortgage Investment Trust Inc., et al.　　　　　　　　　　Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 21 | Bloomberg, L.P.<br>Attn: President or General Counsel<br>PO Box 416604<br>Boston, MA 02241-6604 | Bloomberg, L.P.<br>Attn: President or General Counsel<br>PHONE: 212-318-2000 | Trade | | | | $58,153.32 |
| 22 | Franzen and Salzano, P.C.<br>Attn: President or General Counsel<br>3500 Parkway Lane<br>Suite 305<br>Peachtree Comers, GA 30092 | Franzen and Salzano, P.C.<br>Attn: President or General Counsel<br>PHONE: 770-248-2885<br>FAX: 770-248-2883 | Trade | | | | $55,853.50 |
| 23 | Valuemomentum Inc<br>Attn: President or General Counsel<br>220 Old New Brunswick Rd<br>Piscataway, NJ 08854 | Valuemomentum Inc<br>Attn: President or General Counsel<br>PHONE: 908-941-1140 | Trade | | | | $49,650.00 |
| 24 | Credit Plus, Inc. (142619)<br>Attn: Don Kuttler<br>15365 Collections Center Drive<br>Chicago, IL 60693 | Credit Plus, Inc. (142619)<br>Attn: Don Kuttler<br>PHONE: 800-258-3488<br>FAX: 908-248-0772<br>EMAIL: Don.kuttler@creditplus.com | Trade | | | | $49,547.85 |
| 25 | Microsoft Online, Inc<br>Attn: President or General Counsel<br>P.O. Box 847543<br>Dallas, TX 75284-7543<br><br>One Microsoft Way<br>Redmond, WA 98052 | Microsoft Online, Inc<br>Attn: President or General Counsel<br>PHONE: 800-642-7676 | Trade | | | | $49,435.80 |
| 26 | Class Valuation, LLC<br>Attn: President or General Counsel<br>2600 Bellingham Dr.<br>Suite 100<br>Troy, MI 48083 | Class Valuation, LLC<br>Attn: President or General Counsel<br>PHONE: 248-955-9580<br>FAX: 888-914-4555<br>EMAIL: info@classvaluation.com | Trade | | | | $43,000.00 |
| 27 | Comergence Compliance Monitoring, LLC<br>Attn: Lisa Pizula<br>Dept 3232  PO Box 12 3232<br>Dallas, TX 75312-3232<br><br>5340 Legacy Drive<br>Plano, TX 75024 | Comergence Compliance Monitoring, LLC<br>Attn: Lisa Pizula<br>PHONE: 720-709-4353<br>EMAIL: lpizula@optimalblue.com | Trade | | | | $38,546.84 |
| 28 | Littler Mendelson P.C.<br>Attn: President or General Counsel<br>PO Box 207137<br>Dallas, TX 75320-7137<br><br>900 Third Ave<br>New York, NY 10022 | Littler Mendelson P.C.<br>Attn: President or General Counsel<br>PHONE: 212-583-9600<br>FAX: 212-832-2719 | Trade | | | | $34,480.00 |
| 29 | Margaret Shakespeare and Similarly Situated<br>c/o Joseph S. Tusa<br>P.O. Box 566<br>150 Motor Parkway, Ste. 401<br>Hauppauge, NY 11788<br><br>c/o Giskan Solotaroff & Anderson LLP<br>Attn: Oren Giskan, Catherine E. Anderson<br>90 Broad Street, 10th Floor<br>New York, NY 10004 | Margaret Shakespeare and Similarly Situated<br>PHONE: 631-407-5100; 212-847-8315<br>EMAIL: joseph.tusapc@gmail.com; ogiskan@gslawny.com; canderson@gslawny.com | Litigation | Contingent, Unliquidated, Disputed | | | Unliquidated |
| 30 | Sheila Dancy Wilkins as POA for Flora Mayweathers<br>c/o Joseph S. Tusa<br>P.O. Box 566<br>55000 Main Road, 2nd Floor<br>Southold, NY 11971<br><br>c/o Giskan Solotaroff & Anderson LLP<br>Attn: Oren Giskan, Catherine E. Anderson<br>90 Broad Street, 10th Floor<br>New York, NY 10004 | Sheila Dancy Wilkins as POA for Flora Mayweathers<br>PHONE: 631-407-5100; 212-847-8315<br>EMAIL: joseph.tusapc@gmail.com; ogiskan@gslawny.com; canderson@gslawny.com | Litigation | Contingent, Unliquidated, Disputed | | | Unliquidated |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Reverse Mortgage Investment Trust Inc. |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document(s) that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/30/2022
               MM/ DD/YYYY

Signature of individual signing on behalf of debtor
**Craig Corn**
Printed name
**Chief Executive Officer**
Position or relationship to debtor

Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors

# REVERSE MORTGAGE INVESTMENT TRUST INC.

November 29, 2022

I, Richard C. Jensen, Jr., Secretary of Reverse Mortgage Investment Trust Inc., a Maryland corporation (the "Company"), do hereby certify the following:

1. I am the duly qualified and appointed Secretary of the Company.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors of the Company acting pursuant to the Company's bylaws (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "Bylaws").

3. The Resolutions are not inconsistent with the Bylaws.

4. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____
Name: Richard C. Jensen, Jr.
Title: Secretary

# EXHIBIT A

# RESOLUTIONS OF THE BOARD OF DIRECTORS
# OF REVERSE MORTGAGE INVESTMENT TRUST INC.

## November 29, 2022

All of the members of the board of directors (the "<u>Board</u>") for Reverse Mortgage Investment Trust Inc., a Maryland corporation (the "<u>Company</u>"), hereby take the following actions and adopt the following resolutions pursuant to the bylaws of the Company and the laws of the State of Maryland.

WHEREAS, the Board has considered certain materials presented by, or on behalf of, the Companies' management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' business and the business of the Companies' affiliates;

WHEREAS, the Board has reviewed and considered presentations by Management and the Advisors of the Companies regarding the advantages and disadvantages of filing voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>");

WHEREAS, the Company desires to negotiate, execute, deliver, and perform under a debtor-in-possession financing facility by and among the Companies, on one hand, and BNGL Parent, L.L.C., and/or its affiliates, on the other hand (the "<u>DIP Facility</u>") and enter into all other agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility to consummate the transaction and one or more borrowings contemplated thereby (the "<u>DIP Facility Documents</u>");

WHEREAS, the Transaction Committee has reviewed and approved the Conflict Matters (as defined in the Board Resolutions of November 7, 2022), to the extent any exist, with respect to the filing of the Bankruptcy Petitions and the DIP Facility Documents and has sought the advice of counsel and advisors in connection therewith; and

WHEREAS, the Board has determined, in the judgment of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

<u>DIP Facility</u>

NOW, THEREFORE, BE IT RESOLVED that the Companies be, and hereby are, authorized, directed, and empowered to enter into the DIP Facility Documents and to perform all of its obligations thereunder;

RESOLVED FURTHER, that (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the Authorized Persons, any of whom may act without any of the others, be, and each of them hereby

is, authorized, directed and empowered, in the name and on behalf of the Companies, to enter into, execute, deliver and perform, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any Authorized Representative in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

FURTHER RESOLVED, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Representatives be, and each of them hereby is, authorized and empowered in the name and on behalf of the Companies to take or cause to be taken all such further action including, without limitation, to arrange for, enter into or grant amendments and modifications to and waivers of the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such Authorized Representative(s) to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of the Companies, and to pay all such fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Companies' obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby;

FURTHER RESOLVED, that all actions taken by any of the Authorized Representatives of the Companies prior to the date of this consent, which are within the authority conferred hereby are hereby in all respects authorized, ratified, confirmed and approved;

Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief

RESOLVED FURTHER, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Companies as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of the Board, it is desirable and in the best interests of the Companies, their interest holders, subsidiaries, creditors, and other parties in interest, that the Companies shall be, and hereby are, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for the Companies; and, in accordance with the requirements of the Companies' governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

RESOLVED FURTHER, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Companies and their subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company or any of its subsidiaries and/or obtain additional financing in accordance with the Bankruptcy Code;

Retention of Professionals

RESOLVED FURTHER, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Companies: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) Benesch Friedlander Coplan & Aronoff LLP, as local bankruptcy counsel; (iii) the financial advisory firm of FTI Consulting, Inc.; (iv) Kroll Restructuring Administration LLC, as noticing and claims agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Companies in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Companies, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

Further Actions and Prior Actions

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Companies' governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Companies relating to the Restructuring Matters;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Companies' governing documents and applicable law, be, and each of them hereby

3

is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Companies may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Companies, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

********

4854-2419-4109v.3