**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*,[1] | ) Case No. 22-11225 (MFW) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |

**DEBTORS' APPLICATION FOR RETENTION AND APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application (this "Application"):[2]

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Retention Order"), pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code (as defined below), appointing Kroll Restructuring Administration LLC ("Kroll") as the claims and noticing agent (the "Claims and Noticing Agent") in the Debtors' chapter 11 cases effective as of the Petition Date. In support of this Application, the Debtors submit the Declaration of Brad Weiland (the "Weiland Declaration"), attached hereto as **Exhibit B**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Tanya Meerovich, Chief Restructuring Officer, in Support of Chapter 11 Filings and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 156(c) of title 11 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Local Rules 2002-1(f) and 9013-1(m), and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012 (the "Claims Agent Protocol").

**BACKGROUND**

5. Reverse Mortgage Investment Trust Inc., together with its debtor and non-debtor affiliates, is an originator and servicer of reverse mortgage loans. The Debtors, who have approximately 111 employees, assist senior American homeowners in accessing the unencumbered value of their real estate property. The Debtors originate, acquire, and service both Federal Housing Administration-insured Home Equity Conversion Mortgage ("HECM") loans and proprietary (non-agency) reverse mortgage loans, and they also securitize such reverse

mortgage loans in Ginnie Mae ("GNMA") guaranteed and private label securitization vehicles. The Debtors are one of the largest originators of reverse mortgage loans in the United States.

6.      On November 30, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in these chapter 11 cases. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the First Day Declaration.

## **RELIEF REQUESTED**

7.      The Debtors request entry of an order appointing Kroll as the Claims and Noticing Agent for the Debtors and their chapter 11 cases, including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtors' chapter 11 cases. The Debtors' selection of Kroll to act as the Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol, in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on the engagement proposals obtained and reviewed, that Kroll's rates are competitive and reasonable given Kroll's quality of services and expertise. The terms of Kroll's retention are set forth in the engagement agreement attached hereto as **Exhibit C** (the "Engagement Agreement"); *provided*, *however*, that Kroll is seeking approval solely of the terms and provisions as set forth in this Application and the proposed Retention Order attached hereto.

8. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be thousands of entities to be noticed. Local Rule 2002-1(f) provides that "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or within seven (7) days thereafter." In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both the Debtors' estates and their creditors.

9. By separate application, the Debtors may seek authorization to retain and employ Kroll as administrative advisor in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code, because the administration of these chapter 11 cases may require Kroll to perform duties outside the scope of 28 U.S.C. § 156(c).

## KROLL'S QUALIFICATIONS

10. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases as well as experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel, official claims and noticing agent, and/or administrative advisors in many large bankruptcy cases in this district and in other districts nationwide. Kroll has developed efficient and cost effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Kroll's active and former cases include: *GenapSys, Inc.*, No. 22-10621 (BLS) (Bankr. D. Del); *GT Real Estate Holdings, LLC*, No. 22-10505 (KBO) (Bankr. D. Del.); *Stimwave*

4

*Technologies Incorporated*, No. 22-10541 (KBO) (Bankr. D. Del.); *TPC Group Inc.,* No. 22-10493 (CTG) (Bankr. D. Del); *SAS AB*, No. 2-10925 (MEW) (Bankr. S.D.N.Y.); *Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y.); *GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y.); *Stoneway Capital Ltd.*, No. 21-10646 (JLG) (Bankr. S.D.N.Y.); *Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex.); *Sungard AS New Holdings, LLC*, No. 22-90018 (DRJ) (Bankr. S.D. Tex.); *Aearo Technologies LLC*, No. 22-02890 (KRH) (Bankr. E.D. Va.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

11. By appointing Kroll as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Court (the "Clerk's Office") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## SERVICES TO BE PROVIDED

12. This Application pertains only to the work to be performed by Kroll under the Clerk's Office's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f), and any work to be performed by Kroll outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Kroll will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

   a. prepare and serve required notices and documents in these chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications, and other documents that the Debtors or Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

b. maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c. maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk's Office;

d. furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f. for *all* notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk's Office an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers and titles of the pleadings served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g. process all proofs of claim received, including those received by the Clerk's Office, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk on a case-specific website; upon the Clerk's Office's request, provide the Clerk's Office with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

i. provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

j. implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

k. record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l. relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, at least weekly;

m. upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk's Office copies of the Claims Registers for the Clerk's Office's review (upon the Clerk's Office's request);

n. monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed, and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

o. identify and correct any incomplete or incorrect addresses in any mailing or service lists;

p. assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

q. monitor the Court's docket in these chapter 11 cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

r. if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's Office within three (3) days of notice to Kroll's of entry of the order converting the cases;

s. thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

t. within seven (7) days of notice to Kroll of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the chapter 11 cases; and

  u.  at the close of these chapter 11 cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's Office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's Office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

13.  The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Kroll.

## PROFESSIONAL COMPENSATION

14.  The Debtors respectfully request that the reasonable and documented fees and expenses incurred by Kroll and undisputed by the Debtors in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code, and be paid in the ordinary course of business without further application to or order of the Court. Kroll agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

15.  Prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $75,000, which was received by Kroll on November 3, 2022, and an additional prepetition invoice payment in the amount of $75,000, which was received by Kroll on November 10, 2022. Kroll seeks to first apply the advance to all outstanding prepetition invoices and thereafter, to have the advanced replenished to the original advance amount, and thereafter, to hold the advance under

the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

16. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

## **DISINTERESTEDNESS**

17. Although the Debtors do not propose to employ Kroll under section 327 of the Bankruptcy Code pursuant to this Application (such retention may be sought by separate application), Kroll has nonetheless reviewed its electronic database to determine whether it has any relationships with the Debtors' creditors and parties in interest identified by the Debtors and attached to the Weiland Declaration as **Exhibit 1**. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Weiland Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

18. Moreover, in connection with its retention as Claims and Noticing Agent, Kroll represents in the Weiland Declaration, among other things, that:

    a.    Kroll is not a creditor of the Debtor;

    b.    Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

9

    c.    by accepting employment in this chapter 11 case, Kroll waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

    d.    in its capacity as the Claims and Noticing Agent in this chapter 11 case, Kroll will not be an agent of the United States and will not act on behalf of the United States;

    e.    Kroll will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

    f.    Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

    g.    in its capacity as Claims and Noticing Agent in this chapter 11 case, Kroll will not intentionally misrepresent any fact to any person;

    h.    Kroll shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

    i.    Kroll will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    j.    none of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's Office.

19.    Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**COMPLIANCE WITH CLAIMS AND NOTIFICING AGENT PROTOCOL**

20.    This Application complies with the Claims Agent Protocol and substantially conforms to the standard section 156(c) application in use in this district. To the extent that there is any inconsistency between this Application, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

10

## BASIS FOR RELIEF

21. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, and authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases, provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

22. In addition, Local Rule 2002-1(f) provides as follows:

> Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the [claims and noticing services].

Local Rule 2002-1(f).

23. The Court has promulgated the Claims Agent Protocol "[t]o ensure the use of a competitive process in the selection of claims and noticing agents in instances where the Court has authorized such use under 28 U.S.C. § 156(c)." In compliance with the Claims Agent Protocol, the Debtors obtained and reviewed engagement proposals from three court-approved notice and claims agents, including Kroll. The Debtors provided each court-approved notice and claims agent the basic facts about these chapter 11 cases and asked each company to submit a written proposal

based upon such facts. Ultimately, the Debtors chose Kroll as its Claims and Noticing Agent based on its capabilities and acceptable pricing terms.

24. Local Rule 2002-1(f) requires the retention—pursuant to an order of the Court — of an approved claims and noticing agent in a case having 200 or more creditors and/or parties in interest, which is the case with these chapter 11 cases.

25. Given the number of creditors and other parties in interest involved in these chapter 11 cases, the Debtors seek an order appointing Kroll as their Claims and Noticing Agent in these chapter 11 cases effective as of the Petition Date pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(f) to relieve the Court and the Clerk's Office of administrative burdens.

## NOTICE

26. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Pre-petition Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Government National Mortgage Association; (h) the Federal Housing Administration; (i) the United States Department of Housing and Urban Development; (j) the attorneys general in the states where the Debtors conduct their business operations; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

27. No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 30, 2022
       Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Jennifer R. Hoover*
Michael J. Barrie (DE No. 4684)
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: mbarrie@beneschlaw.com
       jhoover@beneschlaw.com
       kcapuzzi@beneschlaw.com
       jgentile@beneschlaw.com

*-and-*

**SIDLEY AUSTIN LLP**

Stephen Hessler (*pro hac vice* pending)
Thomas Califano (*pro hac vice* pending)
Anthony Grossi (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
      tom.califano@sidley.com
      agrossi@sidley.com

*Proposed Counsel to the Debtors*