**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVERSE MORTGAGE INVESTMENT | ) | Case No. 22-11225 (MFW) |
| TRUST INC., *et al.*,[1] | ) |  |
|  | ) | (Joint Administration Requested) |
| Debtors. | ) |  |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO
FILE (A) SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT
INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS,
(B) RULE 2015.3 FINANCIAL REPORTS, AND (II)WAIVING REQUIREMENTS TO
FILE LISTS OF EQUITY HOLDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) extending the deadline by which the Debtors must file their schedules

of assets and liabilities, schedules of current income and expenditures, schedules of executory

contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules

and Statements") by 45 days in addition to the extension provided by Local Rule 1007-1(b), for a

total of 73 days from the Petition Date, without prejudice to the Debtors' ability to request

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT
Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301).  The
location of the Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor,
Bloomfield, NJ 07003.

[2]     A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion
and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Tanya Meerovich, Chief
Restructuring Officer, in Support of Chapter 11 Filings and First Day Motions* (the "First Day Declaration"),
filed contemporaneously herewith.

additional extensions; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports"), or to file a motion with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking a modification of such reporting requirements for cause, to the later of: (i) 30 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") and (ii) 44 days from the Petition Date, each without prejudice to the Debtors' ability to request additional extensions; and (c) waiving the requirements to file lists of equity security holders, as set forth in Fed. R. Bankr. P. 1007(a)(3).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006, and Local Rule 1007-1(b).

## BACKGROUND

5.     Reverse Mortgage Investment Trust Inc., together with its debtor and non-debtor affiliates, is an originator and servicer of reverse mortgage loans.  The Debtors, who have approximately 111 employees, assist senior American homeowners in accessing the unencumbered value of their real estate property.  The Debtors originate, acquire, and service both Federal Housing Administration-insured Home Equity Conversion Mortgage ("HECM") loans and proprietary (non-agency) reverse mortgage loans, and they also securitize such reverse mortgage loans in Ginnie Mae ("GNMA") guaranteed and private label securitization vehicles. The Debtors are one of the largest originators of reverse mortgage loans in the United States.

6.     On November 30, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in these chapter 11 cases.  Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the First Day Declaration.

## BASIS FOR RELIEF

### I.     Cause Exists to Extend the Time to File the Schedules and Statements.

7.     The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, and schedules of executory contracts and unexpired leases, and statements of financial affairs within 14 days of their petition date.  Local Rule 1007-1(b), however, extends the filing deadline for such schedules and statements to 28 days if the bankruptcy

petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds two hundred.  The Debtors here have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of their creditors exceeds 200.

8.      Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."  *See* Fed. R. Bankr. P. 1007(c) and 9006(b).  Similarly, Local Rule 1007-1(b) provides that such an extension may be granted for cause.  The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors, who had extremely limited time with its restructuring advisors to prepare for these chapter 11 cases, will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts.  The collection of this necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and the Debtors' recently-engaged advisors.  Additionally, because numerous prepetition invoices have not yet been received and entered into the Debtors' accounting system, it will take some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

9.      Given the size and complexity of the Debtors' business and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

10.     Although the Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and

Statements, resources are strained.  Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the Debtors' employees and professionals to assist with stabilizing business operations during the initial post-petition period, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

11.     In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases, including evaluating options related to accessing capital needed to fund these chapter 11 cases, and operate their business post-petition, and negotiating with certain creditor constituencies.  Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and all parties in interest.  Moreover, preserving an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

12.     As explained above, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors.  Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would distract such personnel and advisors from the Debtors' business operations at this juncture.  The Debtors therefore request that the Court extend the 28 day period for an additional 45 days, without prejudice to the Debtors' right to request further extensions, for cause shown.

13.    Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g., In re Cred Inc*., No. 20-12836 (JTD) (Dec. 21, 2020) (extending the time to file schedules and statements until 61 days after the petition date, without prejudice to seek further extensions of time); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Nov. 10, 2020) (extending time to file schedules and statements to 73 days from the petition date); *In re Global Eagle Entertainment, Inc.*, No. 20-11835 (JTD) (July 27, 2020) (extending time to file schedules and statements to 53 days from the petition date); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (May 3, 2019) (granting debtors a total of 73 days from the petition date to file their schedules and statements).[3]  Accordingly, the Debtors submit that such an extension is appropriate under the circumstances.

## II.    Cause Exists to Extend the Time to File the 2015.3 Reports.

14.    Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Additionally, Bankruptcy Rule 2015.3(d) provides the  Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."  *See* Fed. R. Bankr. P. 2015.3(d).

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

15.     The Debtors directly and indirectly own non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports.  Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on: (a) the size, complexity, and geographic scope of the Debtors' business; and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.  For the reasons set forth above, the Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

16.     Extending the deadline to file the initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of their non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3.  The additional time will also enable the Debtors to work with their financial advisors and the U.S. Trustee to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting and (b) 44 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

17.     The relief requested herein will not prejudice any party in interest.  The Debtors will work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries.

18.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g., In re Phoenix Servs. Topco, LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Nov. 10, 2022) (extending time to file 2015.3 Reports to 62 days from the petition date); *In re EHT US1,*

*Inc.*, No. 21-10036 (CSS) (Bankr. D. Del. Mar. 10, 2021) (extending time to file Rule 2015.3

Reports to 60 days from the petition date); *In re Global Eagle Entertainment, Inc.*, No. 20-11835

(JTD) (Bankr. D. Del. Aug. 18, 2020) (extending time to file 2015.3 Report to 58 days from the

petition date).[4]

### III.    It Is Appropriate to Waive the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders Under the Circumstances of These Chapter 11 Cases.

19.    In addition to the Schedules and Statements, the Bankruptcy Rules also contain

certain requirements with respect to a debtor's equity security holders.  Bankruptcy Rule

1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's

equity security holders.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be

provided notice of, among other things, the commencement of the bankruptcy case and

the confirmation hearing.  Bankruptcy courts have authority to modify or waive the requirements

under both rules.  Fed R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor

shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d)

("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the

court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules,

the court shall designate, if not otherwise specified herein, the time within which, the entities to

whom, and the form and manner in which the notice shall be given.").

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

20.     The Debtors respectively filed with each of their petitions a list of significant holders of their equity securities.  The Debtors submit that preparing and filing the lists of equity security holders with last-known addresses is unnecessary at this time and would create an additional expense without a concomitant benefit to the estates.  The proposed claims and noticing agent in these chapter 11 cases (the "Claims and Noticing Agent") served all equity holders of record that are known to the Debtors with notice of the commencement of these cases (the "Commencement Notice").  The Commencement Notice also will be posted on the case website maintained by the Claims and Noticing Agent.  The Debtors submit that the foregoing will provide due notice to equity holders of the commencement of these cases and any matters related to a chapter 11 plan.

21.     Accordingly, the Debtors respectfully submit that ample cause exists for the  Court to waive the requirement under Fed. R. Bankr. P. 1007(a)(3) to file lists of equity holders.

## **NOTICE**

22.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Pre-petition Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Government National Mortgage Association; (h) the Federal Housing Administration; (i) the United States Department of Housing and Urban Development; (j) the attorneys general in the states where the Debtors conduct their business operations; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

23.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  November 30, 2022  
        Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/   Jennifer R. Hoover*
Michael J. Barrie (DE No. 4684)
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: mbarrie@beneschlaw.com
      jhoover@beneschlaw.com
      kcapuzzi@beneschlaw.com
      jgentile@beneschlaw.com

*-and-*

**SIDLEY AUSTIN LLP**

Stephen Hessler (admitted *pro hac vice*)
Thomas Califano (admitted *pro hac vice*)
Anthony Grossi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
      tom.califano@sidley.com
      agrossi@sidley.com

*Proposed Counsel to the Debtors*