**Exhibit A**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| REVERSE MORTGAGE INVESTMENT ) | Case No. 22-11225 (MFW) |
| TRUST INC., *et al.*,[1] ) | |
| ) | (Joint Administration Requested) |
| Debtors. ) | |
| ) | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS
AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS,
(II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (i) authorizing the Debtors to continue to (a) operate their cash management system and maintain their existing Bank Accounts, including honoring certain prepetition obligations related thereto, (b) maintain existing business forms, and (c) continue intercompany transactions and funding consistent with the Debtors' historical practices, subject to the terms described herein, (ii) granting administrative expense status to post-petition intercompany claims, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on: (a) Reverse Mortgage Funding LLC, 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003, Attn: Richard C. Jensen, Jr.; (b) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Anthony Grossi and Patrick Venter, and Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, Delaware 19801, Attn: Jennifer R. Hoover and John C. Gentile; (c) any official committee approved in these cases, and its counsel; (d) the U.S. Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 . In the event no objections to entry of a final

order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System including honoring their prepetition obligations related thereto; (b) maintain existing business forms; and (c) continue to perform Intercompany Transactions among multiple Debtors consistent with historical practice. This includes, without limitation, authorization for the Debtors to disburse through any means or for the applicable party as indicated in the Motion to draft funds held in the Custodial Accounts for borrower-related disbursements (*e.g.*, property taxes, hazard insurance, or similar disbursements from borrower funds) and other disbursements for funds held as custodian of or for another party, including loan investors who may have contractual entitlements to receipts received by the Debtors.

4.      The Debtors are further authorized, but not directed, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 1** attached hereto; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (d) pay the prepetition Bank Fees, if any; and (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Bank Accounts.

5.      The Debtors are further authorized, but not directed, to continue using, in its present form, the Business Forms, as well as checks and other documents related to the Bank Accounts

existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; *provided, however,* once the Debtors have exhausted their existing stock of Business Forms, the Debtors shall ensure that any new Business Forms are clearly labeled "Debtor In Possession"; *provided, further,* with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession."

6. The Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, but only to the extent consistent with the Cash Collateral Order.

7. The Cash Management Banks shall be provided with notice of this Interim Order within five (5) days of the entry of this Interim Order. All Cash Management Banks provided with such notice shall not honor or pay any bank payments drawn on the listed Bank Accounts, or otherwise issued before the Petition Date, absent further direction from the Debtors.

8. The Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be ascertainable.

9. In the course of providing cash management services to the Debtors, each of the Cash Management Banks at which the Bank Accounts are maintained is authorized, without further order of this Court, to deduct the applicable fees and expenses associated with the nature

4

of the deposit and cash management services rendered to the Debtors, whether arising prepetition or post-petition, from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

10. Each of the Cash Management Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding of the date hereof, if any, owed to any bank as service charges for the maintenance of the Cash Management System.

11. Each of the Debtors' Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

12. The Debtors are authorized, but not directed, to implement changes to the Cash Management System and procedures in the ordinary course of business, including, without

limitation, the opening and closing of Bank Accounts; *provided* that in the event the Debtors open a new Bank Account they shall open one at an authorized depository or such bank that is immediately willing to execute an uniform depository agreement; *provided*, further, that the Debtors shall give notice of the opening of any new Bank Account or closing of any Bank Account to the U.S. Trustee.

13. Nothing contained herein shall permit any Cash Management Bank at which the Bank Accounts are maintained to terminate any cash management services without thirty days prior written notice to the Debtors, the U.S. Trustee, and any official committee appointed in these chapter 11 cases.

14. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

15. In the event that the Bank Accounts do not comply with the requirements of section 345(b) of the Bankruptcy Code during the chapter 11 cases, the Debtors shall have 45 days to bring the Bank Accounts into compliance with section 345(b) or to seek appropriate relief from the Court.

16. Notwithstanding anything to the contrary set forth herein, the Debtors are authorized, but not directed, to continue Intercompany Transactions arising from or related to the operation of its business in the ordinary course.

17. All post-petition payments from the Debtors to another Debtor entity under any post-petition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

18. The Cash Management Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason

of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

19. The Debtors are authorized, but not directed, to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Bank Fees.

20. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtors; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

21. The Debtors are hereby granted an interim waiver of the requirements of section 345(b) of the Bankruptcy Code for a period of thirty (30) days.

22. Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation, account status, or other relief authorized by this Interim Order shall be subject to and limited by the requirements and limitations imposed on the Debtors under the terms of any interim and/or final orders regarding the use of cash collateral (any such order, a

"<u>Financing Order</u>"), and any budget utilized in connection therewith, approved by this Court in these chapter 11 cases. In the event of any conflict between the terms of this Interim Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

23. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

24. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

26. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

27. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit 1**
**Bank Accounts**

| Bank | Type of Account | Account No. | Currency |
|---|---|---|---|
| TCB | Restricted Cash | x5321 | USD |
| TCB | Operating | x3267 | USD |
| TCB | Operating | x3283 | USD |
| TCB | Operating | x3291 | USD |
| TCB | Operating | x3317 | USD |
| TCB | Operating | x3341 | USD |
| TCB | Inactive | x3275 | USD |
| TCB | Inactive | x9578 | USD |
| TCB | Warehouse Related Activity | x7641 | USD |
| TCB | Warehouse Related Activity | x7633 | USD |
| TCB | Warehouse Related Activity | x8950 | USD |
| TCB | Warehouse Related Activity | x7625 | USD |
| TCB | Warehouse Related Activity | x4216 | USD |
| TCB | Warehouse Related Activity | x8968 | USD |
| TCB | Warehouse Related Activity | x8976 | USD |
| TCB | Custodial Collection | x3325 | USD |
| TCB | Custodial Collection | x3333 | USD |
| TCB | Custodial Collection | x0858 | USD |
| TCB | Custodial Collection | x1039 | USD |
| TCB | Custodial Collection | x4099 | USD |
| TCB | Custodial Collection | x5542 | USD |
| TCB | Custodial Collection | x6995 | USD |
| TCB | Custodial Collection | x6516 | USD |
| TCB | Custodial Collection | x8702 | USD |
| TCB | Custodial Collection | x8868 | USD |
| TCB | Custodial Collection | x4601 | USD |
| TCB | Custodial Collection | x6002 | USD |
| TCB | Custodial Collection | x2936 | USD |
| TCB | Custodial Collection | x3959 | USD |
| TCB | Custodial Collection | x3314 | USD |
| TCB | Custodial Collection | x5236 | USD |
| TCB | Custodial Collection | x6499 | USD |
| TCB | Custodial Collection | x6507 | USD |
| TCB | Custodial Collection | x6614 | USD |
| TCB | Custodial Collection | x7315 | USD |

| Bank | Type of Account | Account No. | Currency |
|---|---|---|---|
| TCB | Custodial Collection | x7554 | USD |
| TCB | Custodial Collection | x7885 | USD |
| TIAA Bank | Restricted Cash | x2677 | USD |
| TIAA Bank | Warehouse Related Activity | x1417 | USD |
| TIAA Bank | Custodial Collection | x1425 | USD |
| Evolve | Operating | x1040 | USD |
| TD Bank | Operating | x8488 | USD |
| TD Bank | Operating | x8447 | USD |
| TD Bank | Operating | x8040 | USD |