## EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*,[1] | ) ) ) ) | Case No. 22-11225 (MFW) |
|  | ) | (Joint Administration Requested) |
| Debtors. | ) ) | **Re: Docket No. __** |

**INTERIM ORDER
(I) AUTHORIZING THE DEBTORS TO (A) PAY
THEIR OBLIGATIONS UNDER PRE-PETITION
INSURANCE POLICIES, (B) CONTINUE TO PAY CERTAIN
BROKERAGE FEES, (C) RENEW, SUPPLEMENT, MODIFY, OR
PURCHASE INSURANCE COVERAGE, (D) MAINTAIN THEIR SURETY
BOND PROGRAM, AND (E) ENTER INTO NEW FINANCING AGREEMENTS IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to (i) pay their obligations under the Insurance Policies entered into pre-petition, (ii) continue to pay certain brokerage fees, (iii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, (iv) maintain their Surety Bond Program, and (v) enter into new financing agreements in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on: (a) Reverse Mortgage Funding LLC, 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003, Attn: Richard C. Jensen, Jr.; (b) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Anthony Grossi and Patrick Venter, and Benesch, Friedlander, Coplan & Aronoff LLP, 1313 N. Market St., Suite 1201, Wilmington, Delaware 19801, Attn: Jennifer R. Hoover and John C. Gentile; (c) any official

committee approved in these cases, and its counsel; (d) the U.S. Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any pre-petition or post-petition obligations related to the Insurance Policies, Insurance Expenses, Insurance Brokerage Fees, and any other related expenses, including those amounts that would come due in the ordinary course within the 21 days after the Petition Date.

4. The Debtors are authorized in their sole discretion to renew, amend, supplement, extend, or purchase existing or additional insurance policies in the ordinary course of business on a post-petition basis, as well as replace any of the Insurance Brokers as may be necessary.  The Debtors are authorized to enter into new premium financing agreements in the ordinary course of business.

5. The Debtors are authorized to honor any amounts owed on account of any audits that take place in the ordinary course of business.

6. Nothing in this Interim Order shall constitute a post-petition assumption of any obligations related to the Insurance Policies pursuant to section 365 of the Bankruptcy Code.

7. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

8. The Debtors are authorized to maintain their Surety Bond Program, including the Surety Bonds identified on **Exhibit D** to the Motion, without interruption, and in their sole discretion: (a) pay Surety Premiums as they come due; (b) renew or potentially acquire additional

bonding capacity, as necessary, in the ordinary course of business; (c) request releases from duplicate bonding obligations; (d) cancel, revise, and/or supplement Surety Bonds; (e) pay Surety Brokerage Fees; (f) replace surety brokers as may be necessary; and (g) execute other agreements in connection with the Surety Bond Program.

9. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this

Interim Order without any duty to inquire otherwise and without liability for following the Debtors' instructions.

11. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any Insurance Policies.

12. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding anything to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.