## <u>Exhibit A</u>

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REVERSE MORTGAGE INVESTMENT | ) | Case No. 22-11225 (MFW) |
| TRUST INC., *et al.*,[1] | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | **Re: Docket No. __** |

### INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE HONORING REVERSE ISSUER AND SERVICING OBLIGATIONS AND (II) SELL CERTAIN NEWLY ORIGINATED LOANS, (B) MODIFYING THE AUTOMATIC STAY ON A LIMITED BASIS TO FACILITATE THE DEBTORS' ONGOING OBLIGATIONS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for the entry of an interim order (this "Interim Order"), pursuant to sections 105(a), 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, authorizing, but not directing, to (a) (i) continue their securitization activities, (ii) honor the Ginnie Mae Agreements and the Fannie Mae Lender Contract; and (iii) remit the Ginnie Mae Commitment Fee, the Ginnie Mae Guaranty Fee, amounts due from Borrower Paydown, and certain administrative fees arising from the Company's securitization activities and amounts due under the Fannie Mae Lender Contract; (b) (i) honor the Servicing Obligations, (ii) honor and pay the Curtailment Obligations, (iii) collect and securitize the Servicing Fees, and (iv) remit the Servicer Advances; (c) continue assignment and claim reimbursement activities;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(d) continue honoring the Company's indemnification obligations to FHA in connection with defective loans; (e) consummate the Longbridge Loan Sales and (f) fulfill compliance and regulatory obligations, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final

order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on

_____, 2022, and shall be served on: (a) Reverse Mortgage Funding LLC, 1455 Broad

Street, 2nd Floor, Bloomfield, NJ 07003, Attn: Richard C. Jensen, Jr.; (b) proposed counsel to

the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn:

Anthony Grossi and Patrick Venter, and Benesch, Friedlander, Coplan & Aronoff LLP, 1313 N.

Market St., Suite 1201, Wilmington, Delaware 19801, Attn: Jennifer R. Hoover and John C.

Gentile; (c) any official committee approved in these cases, and its counsel; (d) the U.S. Trustee;

and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no

objections to entry of a final order on the Motion are timely received, this Court may enter such

final order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, to continue in the ordinary course

of business to:

a.      (i) continue their securitization activities, (ii) honor the Ginnie Mae
        Agreements and the Fannie Mae Lender Contract; and (iii) remit the Ginnie Mae
        Commitment Fee, the Ginnie Mae Guaranty Fee, amounts due from Borrower
        Paydown, and certain administrative fees arising from the Company's
        securitization activities and amounts due under the Fannie Mae Lender
        Contract;

b.      (i) honor the Servicing Obligations, (ii) honor and pay the Curtailment
        Obligations, (iii) collect and securitize the Servicing Fees, and (iv) remit the
        Servicer Advances;

c.      continue assignment and claim reimbursement activities;

d.      continue honoring their indemnification obligations to FHA in connection with
        defective loans;

e.      consummate the Longbridge Loan Sales; and

f.      fulfill compliance and regulatory obligations.

4.      The Debtors are authorized, but not directed, to continue selling REO Property

(i) on an "as is where is" basis and without any representation and warranties except for title, in

the ordinary course of business, in their discretion and subject to their business judgment, and consistent with past practices, and (ii) free and clear of any and all liens and encumbrances (a) under section 363(f) of the Bankruptcy Code to the extent the Debtors own the REO Property, and (b) to the extent permitted pursuant to applicable non-bankruptcy law for REO Property owned by third parties.

## Additional Relief Related to the Debtors' Businesses

5.      The Debtors are authorized but not directed, to continue in the ordinary course of business (a) to fulfill state licensing requirements and to pay related obligations, (b) to submit to, and comply with, state and federal regulatory exams and audits and to pay related obligations, costs, and expenses, and (c) to remediate errors and/or lack of compliance with laws or regulations, including by continuing (i) to make payments to borrowers (e.g., in the form of reimbursements, refunds, and/or out-of-pocket expenses), (ii) to forgive past due amounts and/or assessed but unpaid fees or other charges, (iii) to pay fees, fines, and/or penalties, either directly to the applicable authority or through a vendor, (iv) to incur and pay certain expenses, (v) to pay the costs and expenses of state and federal regulatory examinations, and (vi) to take such other measures as may be required by, or agreed to with, state and federal regulators.

## Limited Discretionary Relief From Automatic Stay

*Borrower Foreclosure and Eviction Proceedings*

6.      The Debtors shall have discretion to waive the stay imposed by section 362(a) of the Bankruptcy Code to allow borrowers, mortgagors, and lienholders (each, an "Interested Party") to assert and prosecute claims, cross-claims, third-party claims, and counter-claims related to judicial and non-judicial foreclosure and eviction proceedings brought by the Debtors to the limited extent such claims, cross-claims, third-party claims, and counterclaims, including

the appeals of such, have the sole purpose of defending, unwinding, or otherwise enjoining or precluding any foreclosure or eviction, and do not have an adverse effect on any of the Debtors' assets.

7.    Absent further order of this Court, the automatic stay shall remain in full force and effect with respect to any and all other pending or future claims, cross-claims, third-party claims, and counterclaims by Interested Parties related to judicial and non-judicial foreclosure and eviction proceedings, including with respect to (a) monetary relief of any kind or any nature against the Debtors, (b) claims of recoupment or setoff, (c) relief that if granted would affect the amount, validity, and/or priority of lien(s) held by the Debtors, (d) relief that if granted would not terminate or preclude the prosecution and completion of a foreclosure or eviction, and (e) actions asserted in the form of a class action or collective action.

8.    Should there be any disagreements between or among any Interested Parties and/or the Debtors regarding whether any claims, cross-claims, third-party claims, or counterclaims fall within the Debtors' discretionary exception to the automatic stay approved by this Court, this Court shall have jurisdiction to hear and resolve such disputes.

*Borrower Bankruptcy Proceedings*

9.    The Debtors shall have the discretion to waive the automatic stay imposed by section 362(a) of the Bankruptcy Code applicable against a borrower who has sought, or may seek during the pendency of these cases, bankruptcy protection under chapters 7, 11, 12, or 13 of the Bankruptcy Code (each, a "Bankrupt Borrower"), pursuant to the following terms and conditions:

  i. except as set forth herein and if consented to by the Debtors, and provided an action outlined below would not affect the value or validity of an asset or claim held by the Debtors, a Bankrupt Borrower, a Bankruptcy Trustee, or a United States Trustee shall be entitled:

a. to assert or continue to assert an objection to a proof of claim, notice of payment change, notice of post-petition fee, expense, or charge, or response to notice of final cure (collectively, the "Required Bankruptcy Documents") filed by the Debtors in the Bankrupt Borrower's bankruptcy case;

b. to assert or continue to assert an objection to a motion to lift the automatic stay filed by the Debtors in the Bankrupt Borrower's bankruptcy case;

c. to assert appeals with respect to the above; and

d. to seek an accounting from the Debtors with respect to the Bankrupt Borrower's loan;

ii. except as set forth herein and if consented to by the Debtors, a Bankrupt Borrower shall be entitled:

a. to engage in court-supervised or court-authorized loss- mitigation programs regarding the Bankrupt Borrower's loan; and

b. to engage in discussion with the Debtors and execute a modification of the Bankrupt Borrower's loan or otherwise discuss, enter into, and consummate settlements of claims and liens in accordance with the ordinary course of the Debtors' business and applicable law;

iii. absent further order of the Court or consent by the Debtors as set forth herein, the automatic stay shall remain in full force and effect with respect to all the Bankrupt Borrower's, the Bankruptcy Trustee's, and the United States Trustee's direct claims, counterclaims, motions, or adversary proceedings:

a. for monetary relief of any kind and of any nature against the Debtors, with the exception of:  (A) a reduction in the amount of arrearage listed on a proof of claim that would not affect the total amount of the claim; (B) an objection to the amount listed on a notice of payment change; or (C) an objection to the amount past due listed on a response to notice of final cure;

b. for violation of any local, state, or federal statute or other law in connection with the origination of the Bankrupt Borrower's loan;

c. for relief that if granted, would have an effect on the amount, validity, or priority of the Debtors' claim or lien against a Bankrupt

> Borrower or the property of the Bankrupt Borrower securing such
> claim or lien of the Debtors; or

> d.    asserted in the form of a class action;

iv.    absent further order of this Court and if consented to by the Debtors, the
automatic stay shall remain in full force and effect with respect to any party
seeking to intervene to assert related claims against the Debtors or any class
action or collective action brought by any Bankrupt Borrower on behalf of any
other class of borrowers;

v.    the Debtors shall retain the right, upon appropriate motion and notice to any
Bankrupt Borrower, Bankruptcy Trustee, or United States Trustee, to seek to
impose any provision of section 362(a) of the Bankruptcy Code modified by this
Order, and to the extent such relief is sought, the Debtors will not object to such
party's telephonic participation at any hearing on such motion;

vi.    nothing set forth herein shall preclude or limit any Bankrupt Borrower,
Bankruptcy Trustee, or United States Trustee from seeking relief from the
automatic stay under section 362(a) of the Bankruptcy Code on appropriate
motion and notice to the Debtors and parties in interest; and

vii.    should there be any disagreements between the Debtors, a Bankrupt Borrower, a
Bankruptcy Trustee, or a United States Trustee regarding whether any actions,
claims, or counterclaims fall within the Debtors' discretionary exception to the
automatic stay approved by the Court, the Court shall have jurisdiction to hear
and resolve such dispute.

*Actions Involving Amount, Validity, or Priority of Liens*

10.    The Debtors shall have discretion to waive the automatic stay imposed by section

362(a) of the Bankruptcy Code applicable to actions involving the amount, validity, and/or

priority of liens with respect to properties subject to mortgages owned or serviced by Ditech

(such actions, "Title Disputes") to allow Interested Parties to assert a defense, including the

appeals of such, in Title Disputes.

11.    Absent further order of this Court, the automatic stay shall remain in full force

and effect with respect to any and all other pending or future claims, cross-claims, third-party

claims, and counterclaims against the Debtors, including with respect to (a) monetary relief of any

kind or any nature against the Debtors, (b) relief that if granted would affect the amount, validity,

and/or priority of lien(s) held by the Debtors, (c) actions for partition, eminent domain, or seizure of the property securing lien(s) held by the Debtors, (d) relief that is not necessary for the resolution of the Title Dispute, or (e) actions asserted in the form of a class action or collective action.

12.     Should there be any disagreements between or among any Interested Parties and/or the Debtors regarding whether any claims, cross-claims, third-party claims, or counterclaims fall within the Debtors' discretionary exception to the automatic stay approved by this Court, this Court shall have jurisdiction to hear and resolve such disputes.

## Other Relief

13.     Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the final hearing to consider the relief requested in the Motion (the "Final Hearing").

14.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, shall constitute or be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

15.     Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

16.     Nothing herein shall be construed to limit the right of any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) to take any action not subject to the automatic stay.

17.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

20.     Notwithstanding anything to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.