# EXHIBIT B

**Redline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*,[1] | Case No. 22-11225 (MFW) |
| Debtors. | (Jointly Administered) |
| | ~~Hearing Date: [_____]~~ |
| | ~~Response Deadline: [_____]~~ |

## ORDER GRANTING FOURTH (SUBSTANTIVE)
## OMNIBUS OBJECTION TO CLAIMS

Upon consideration of *Fourth (Substantive Omnibus Objection to Claims* (the "Objection")[2] filed by the Plan Administrator (the "Plan Administrator") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"): disallowing and expunging the claims identified on **Exhibit 1** (the "Customer Claims"), in each case pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1, all as more fully set forth in the Objection; and upon the Swift Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC ("RMF") (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these Cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection.

Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Objection is sustained to the extent set forth herein.

2.      Each Customer Claim identified on **Exhibit 1** attached hereto is disallowed and expunged in its entirety.

3.      Kroll Restructuring Administration, LLC, the Debtors' Claims and Noticing Agent, is authorized to update the claims register to reflect the relief granted in this Order.

4.      Entry of this Order is without prejudice to the Plan Administrator's right to object to these as well as any other claims in these Chapter 11 Cases or to further object to the Disputed Claims (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

5.      Each Disputed Claim and the Objection by the Plan Administrator to each Disputed Claim identified in **Exhibits 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Disputed Claim.  Any stay of this Order shall apply only to the contested matter

which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**<u>Exhibit 1</u>**

**Customer Claims**

**EXHIBIT 1**

<u>**CUSTOMER CLAIMS**</u>

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Alcantar, Rachel F. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 332 | $525,164.59 | SECURED | Asserted Claim is not an Estate Obligation as the loan was ~~included in the Government National Mortgage Association~~**transferred by Barclays Bank PLC** ("~~GNMA~~**Barclays**") ~~transfer~~ with ~~Carrington Mortgage Services, LLC~~**Finance of America Reverse** ("~~Carrington~~**FAR**") serving as the new servicer. |
| Alford, Bruce E | Reverse Mortgage Funding LLC | 22-11224 | 249 | $427,815.76 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the **Government National Mortgage Association ("**GNMA**")** transfer with Carrington **Mortgage Services, LLC ("Carrington")** serving as the new servicer. |
| Alford, Bruce E | Reverse Mortgage Funding LLC | 22-11224 | 250 | $24,785.09 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Anderson, Glenn Douglas | Reverse Mortgage Funding LLC | 22-11224 | 298 | $50,700.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Baguio, Mario and Leticia | Reverse Mortgage Funding LLC | 22-11224 | 326 | $200,000 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Barish, Harvey | Reverse Mortgage Investment Trust Inc. | 22-11225 | 301 | $590,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was ~~included in the GNMA transfer~~**transferred by Barclays** with ~~Carrington~~**FAR** serving as the new servicer. |
| Bartlett, Norma | Reverse Mortgage Investment Trust Inc. | 22-11225 | 159 | $540,454.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Basden, Ben | Reverse Mortgage | 22-11224 | 64 | $294,567.72 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| | Funding LLC | | | | | Carrington serving as the new servicer. |
| Beard, Marva C. | Reverse Mortgage Funding LLC | 22-11224 | 213 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Bergeron, Leticia | Reverse Mortgage Funding LLC | 22-11224 | 197 | $1,700.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Boinus, Alan and Rosalie S. Marsh-Boinus | Reverse Mortgage Investment Trust Inc. | 22-11225 | 469 | $180,286 | SECURED | Claimant is asserting $180,286.00 as a reverse mortgage borrower with no other back-up to support their asserted amount. Per Debtor's Books and Records, claimants' Equity Elite account ("EE Loan") line of credit has funds available for draw.  Pursuant to the *Order Approving (A) Sale of Certain of Debtor Reverse Mortgage Funding LLC's Mortgage Servicing Rights to Longbridge Financial, LLC Free and Clear of Liens, Claims, Encumbrances, and Other Interest, (B) Assumption and Assignment of Certain Related Executory Contracts, (C) Settlement of Claims, and (D) Granting Related Relief* [ECF No. 827] (the "Sale Order"), the claimant's EE Loan was transferred and is being serviced by Longbridge Financial LLC ("Longbridge").  Thus, the Debtors have no liability for this claim. |
| Bossick, Joanne S. | Reverse Mortgage Funding LLC | 22-11224 | 466 | $86,852.62 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Brockman, Richard E | Reverse Mortgage Funding LLC | 22-11224 | 353 | $39,366.86 | SECURED PRIORITY | Claimant appears to be asserting for the Current Line of Credit Loan Balance. However, there are no funds available for claimant to draw on. |
| Callendar, Larry L | Reverse Mortgage Investment Trust Inc. | 22-11225 | 234 | $23,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was assigned to HUD for ~~serving~~**servicing**.  Claimant also does not provide sufficient documentation as to the basis of the claim. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Carothers, Sharon | Reverse Mortgage Funding LLC | 22-11224 | 294 | $48,580.91 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Chanes, Phyllis R. | Reverse Mortgage Funding LLC | 22-11224 | 375 | $808,500 | SECURED | Claimant is asserting $808,500 as a reverse mortgage borrower for the full principal amount of the loan. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw. Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge. Thus, the Debtors have no liability for this claim. |
| Coleman, James S. | Reverse Mortgage Funding LLC | 22-11224 | 66 | $282,761.61 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Colton, Keita | Reverse Mortgage Funding LLC | 22-11224 | 192 | $122,355.29 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Cook, Patricia Ann | Reverse Mortgage Funding LLC | 22-11224 | 297 | $391.68 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Crenshaw, Barbara A. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 455 | $750,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Currie, Danielle | Reverse Mortgage Investment Trust Inc. | 22-11225 | 305 | Unliquidated | ADMINISTRATIVE 503(b)(9) PRIORITY | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Cutting, Jacqueline C | Reverse Mortgage Funding LLC | 22-11224 | 115 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| DeMoss, Carol Jean and Evans, Linda | Reverse Mortgage Funding LLC | 22-11224 | 319 | $67,606.10 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Digiulio, Diane | Reverse Mortgage Funding LLC | 22-11224 | 381 | $315,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Eoff, Kenneth & Carole | Reverse Mortgage Investment Trust Inc. | 22-11225 | 317 | $174,150.54 | SECURED | Claimant is asserting $174,150.51 as a reverse mortgage borrower with no other back-up to support their asserted amount. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw.  The claimants withdrew $173,000 on February 27, 2023.  Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge. Thus, the Debtors have no liability for this claim. |
| Erickson, Robert J. | Reverse Mortgage Funding LLC | 22-11224 | 194 | $5,529.75 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Estate of Martin Bernard, Jr. | Reverse Mortgage Funding LLC | 22-11224 | 427 | $157,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Fielder Sr., Alfred W. and Barbara Fielder | Reverse Mortgage Funding LLC | 22-11224 | 320 | $22,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the Government National Mortgage Association ("GNMA") transfer with Carrington Mortgage Services, LLC ("Carrington") serving as the new servicer. |
| Fisher, James D. | Reverse Mortgage Funding LLC | 22-11224 | 211 | $20.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Fontes, Natalie | Reverse Mortgage Investment Trust Inc. | 22-11225 | 410 | $900,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the ~~GNMA~~ **Federal National Mortgage Association ("FNMA")** transfer with ~~Carrington~~**Compu-Link Corporation d/b/a Celink ("Celink")** serving as the new servicer. |
| Fox, Remedios | Reverse Mortgage Investment | 22-11225 | 340 | $55,000 | SECURED | Claimant is asserting $55,000.00 as a reverse mortgage borrower with no other back-up to support their asserted amount. Per Debtor's |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| | Trust Inc. | | | | | Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw.  The claimant last withdrew an amount of $22,000 on April 4, 2023.  Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge.  Thus, the Debtors have no liability for this claim. |
| Franklin, Mae | Reverse Mortgage Funding LLC | 22-11224 | 228 | $25,179 | PRIORITY | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Gallagher, Mary | Reverse Mortgage Funding LLC | 22-11224 | 60 | $243,291.54 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Gary, Pamela | Reverse Mortgage Funding LLC | 22-11224 | 290 | $163,800.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Gillis, Marie B. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 30 | $3,700.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Gray, Debra | Reverse Mortgage Funding LLC | 22-11224 | 143 | $60,338.09 $85,000.00 | ADMINISTRATIVE 503(b)(9) SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Gray, Debra | Reverse Mortgage Funding LLC | 22-11224 | 170 | $93,104.00 $60,388.09 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Hamilton, Laurie Annette and Carlos | Reverse Mortgage Funding LLC | 22-11224 | 251 | $81,000.00 | PRIORITY | Claimant is asserting $81,000.00 Priority under 11 U.S.C. § 507(a)(8) for Taxes or penalties owed to governmental units. Claimant is not a governmental entity. The claimants Property Charge Set-Aside (PCSA) account or "Impound Account" funds are still available to use to pay any due and owing taxes and insurance bill by the servicer pursuant to the ordinary course of business.  Thus, the Debtors have no liability to |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| | | | | | | this claim. |
| Hartnett, Karen | Reverse Mortgage Investment Trust Inc. | 22-11225 | 62 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Haskell, Gayle E. | Reverse Mortgage Funding LLC | 22-11224 | 28 | Unliquidated $785,000.00 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Haynes, Cynthia M. | Reverse Mortgage Funding LLC | 22-11224 | 274 | Unliquidated $40,00.00 $59,685.00 | Administrative 503(b)(9) SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Haynes, Cynthia M. | Reverse Mortgage Funding LLC | 22-11224 | 275 | $4,000.00 $95,685.00 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Hoffmann, Mary C. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 392 | $125,575.00 $85,225.00 UNLIQUIDATED | SECURED PRIORITY GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Hyde, Editha | Reverse Mortgage Funding LLC | 22-11224 | 311 | $144,890.42 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Jacobson, Barbara I. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 416 | $47,966.84 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Jarbo, Ronald Basil | Reverse Mortgage Funding LLC | 22-11224 | 188 | $543,008.67 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Johnson, Barbara Ann | Reverse Mortgage Funding LLC | 22-11224 | 345 | $120,619.99 | PRIORITY SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the ~~GNMA~~**FNMA** transfer with ~~Carrington~~**Celink** serving as the new servicer. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Kratz, Melinda L | Reverse Mortgage Investment Trust Inc. | 22-11225 | 128 | $90,893.73 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Kuykendall Winn, Velma | Reverse Mortgage Funding LLC | 22-11224 | 390 | $403,772.24 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Lieberman, Melvyn and Susan | Reverse Mortgage Investment Trust Inc. | 22-11225 | 328 | $50,132 | SECURED | Claimant is asserting $50,132.00 as a reverse mortgage borrower with no other back-up to support their asserted amount. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw.  Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge.  Thus, the Debtors have no liability for this claim. |
| Lielausis, Dace | Reverse Mortgage Investment Trust Inc. | 22-11225 | 289 | $180,000 | SECURED | Claimant is asserting $180,000.00 as money loaned with no other back-up to support their asserted amount. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw. The claimant withdrew $3,000 on February 6, 2023, $17,000 on February 14, 2023, $5,000 on April 3, 2023, and $3,000 on May 9, 2023. Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge.  Thus, the Debtors have no liability for this claim. |
| Long, Thomas L. and Mary | Reverse Mortgage Funding LLC | 22-11224 | 74 | $58,512.78 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Magie, Roderic and Sandra L. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 206 | $140,248.09 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| McCafferty, Elizabeth | Reverse | 22-11225 | 176 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|------|--------|----------|-----------|--------------|----------------|-------------------------|
| A | Mortgage Investment Trust Inc. | | | | | loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| McDonald, Bruce J | Reverse Mortgage Funding LLC | 22-11224 | 48 | $231,380.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| McKinnon, Swanola | Reverse Mortgage Investment Trust Inc. | 22-11225 | 111 | $15,329.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Meldrum, Don C. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 215 | $707,936.78 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Merrill, Sybil Kay | Reverse Mortgage Funding LLC | 22-11224 | 398 | $163,660.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Meuleman, John M. and Mary S. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 254 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Miller, Jan Marie | Reverse Mortgage Funding LLC | 22-11224 | 419 | $69,559.43 UNLIQUIDATED | SECURED PRIORITY | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Miller, Juanita | Reverse Mortgage Funding LLC | 22-11224 | 216 | $80,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was ~~included in the GNMA transfer with Carrington serving as the new servicer~~**assigned to HUD for servicing in March 2023**. |
| Molina-Hobson, Maria Christina | Reverse Mortgage Investment Trust Inc. | 22-11225 | 481 | $1,148,400.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Novak, Kenneth R | Reverse Mortgage | 22-11225 | 190 | $3,146.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| | Investment Trust Inc. | | | | | Carrington serving as the new servicer. |
| Parisi, Concetta | Reverse Mortgage Investment Trust Inc. | 22-11225 | 371 | $29,053.16 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Payovich, Barbara A. | Reverse Mortgage Funding LLC | 22-11224 | 243 | $355,742.53 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Peel, Peggy A | Reverse Mortgage Funding LLC | 22-11224 | 307 | $45,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was ~~included in the GNMA transfer~~**transferred by Barclays** with ~~Carrington~~**FAR** serving as the new servicer. |
| Peters, Joan and Ernest | Reverse Mortgage Funding LLC | 22-11224 | 374 | $1,447,500.00 | SECURED | Claimant is asserting $1,447,500.00 as a reverse mortgage borrower for 150% of the maximum claim based on the origination appraised value. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has no funds available for draw as the claimants drew all available funds at closing.  Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge.  Thus, the Debtors have no liability for this claim. |
| Pickering, Caroline "Betty" | Reverse Mortgage Investment Trust Inc. | 22-11225 | 223 | $454,500.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Poston, Julie C. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 304 | $80,184.34 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Roberts Jr., William Bramlett | Reverse Mortgage Investment Trust Inc. | 22-11225 | 86 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Saad, Antonio and Elizabath | Reverse Mortgage Investment Trust Inc. | 22-11225 | 383 | $194,400.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Schultz, Russell F. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 85 | $12,578.91 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Score, Michael F | Reverse Mortgage Funding LLC | 22-11224 | 242 | $141,000.00 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Segal, Vickie | Reverse Mortgage Investment Trust Inc. | 22-11225 | 303 | $110,000 | SECURED | Claimant is asserting $110,000.00 as a reverse mortgage borrower with no other back-up to support their asserted amount. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") line of credit has funds available for draw. The claimant withdrew $50,000 on February 27, 2023. Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge. Thus, the Debtors have no liability for this claim. |
| Smith, Sheryl Ann | Reverse Mortgage Funding LLC | 22-11224 | 49 | $357,151.00 $7.00 | SECURED GENERAL UNSECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Thompson, Sharon Joy | Reverse Mortgage Funding LLC | 22-11224 | 318 | $40,000.00 | SECURED PRIORITY ADMINISTRATIVE 503(b)(9) | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Tymchyn, Paul V. | Reverse Mortgage Funding LLC | 22-11224 | 118 | $2,635.22 | SECURED PRIORITY | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Vasquez, Pete | Reverse Mortgage Investment Trust Inc. | 22-11225 | 403 | $48,213.21 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Villanueva, Enoch | Reverse Mortgage Funding LLC | 22-11224 | 385 | $275,000.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Viningre, Betty Lou | Reverse Mortgage Funding LLC | 22-11224 | 302 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Walker, Valerie | Reverse Mortgage Funding LLC | 22-11224 | 51 | $333,970.88 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer.  Based on the Debtors' books and records, no amounts are due and owing and no complaints were received prior to the Petition Date. |
| Wambles, Sue | Reverse Mortgage Investment Trust Inc. | 22-11225 | 99 | $33,781.86 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Way, Richard & Judith | Reverse Mortgage Investment Trust Inc. | 22-11225 | 464 | $97,277.83 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Weber, Judith H. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 246 | $86,107.52 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Wederski, Billie L. | Reverse Mortgage Investment Trust Inc. | 22-11225 | 109 | $216,900.00 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| Weinstein, Judy; Estate of David Weinstein | Reverse Mortgage Funding LLC | 22-11224 | 342 | Unliquidated | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |
| White, Jeanne | Reverse Mortgage Funding LLC | 22-11224 | 233 | $15,718.82 | SECURED | Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer. |

| NAME | DEBTOR | CASE NO. | CLAIM NO. | CLAIM AMOUNT | CLAIM PRIORITY | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| Woods, Mary B | Reverse Mortgage Funding LLC | 22-11224 | 276 | 1,600,000.00 $79,063.20 $752,500.00 | SECURED PRIORITY GENERAL UNSECURED | Claimant is asserting $2,431,563.20 as a reverse mortgage borrower for 150% of the maximum claim based on the origination appraised value. Per Debtor's Books and Records, claimants Equity Elite account ("EE Loan") has funds available for draw.  The claimant receives monthly payments of $2,678.33.  Pursuant to the Sale Order, the claimant's EE Loan was transferred and is being serviced by Longbridge. Thus, the Debtors have no liability for this claim. |

Document comparison by Workshare Compare on Tuesday, September 19, 2023 4:59:02 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\abramova\Desktop\Reverse Morgtage\RMIT - Original Proposed Order Fourth Omnibus Objection.docx |
| Description | RMIT - Original Proposed Order Fourth Omnibus Objection |
| Document 2 ID | file://C:\Users\abramova\Desktop\Reverse Morgtage\RMIT - Revised Proposed Order Fourth Omnibus Objection.docx |
| Description | RMIT - Revised Proposed Order Fourth Omnibus Objection |
| Rendering set | MS Word Proof |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 17 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |

| Total changes | 34 |
|---|---|