IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11225 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 841, 859 |

**PLAN ADMINISTRATOR'S REPLY TO BARBARA JOHNSON'S RESPONSE TO THE FOURTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS**

Amanda Swift, in her capacity as plan administrator (the "Plan Administrator") of the above captioned debtors (the "Debtors"), hereby files this response (the "Response") to Barbara Johnson's (the "Claimant") reply (the "Reply") to the *Fourth (Substantive) Omnibus Objection to Claims* [Docket No. 841] (the "Objection")[2]. In support of the Reply, the Plan Administrator respectfully represents as follows:

**REPLY**

1. On November 30, 2022 (the "Petition Date"), the Debtors filed voluntary Petitions in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the cases for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, include: Reverse Mortgage Investment Trust Inc. (3421); Reverse Mortgage Funding LLC ("RMF") (0209); RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301). The location of the Debtors' service address for purposes of these Cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

- 2 -

2. Shortly thereafter, on December 20, 2022, the Court approved a stipulation between the Debtors and the Federal National Mortgage Association ("Fannie Mae") which granted Fannie Mae limited relief from the automatic stay to permit the termination of the Fannie Mae Lender Contract[3], pursuant to which Fannie Mae may retain the Fannie Mae mortgage servicing rights ("MSRs") or direct such Fannie Mae MSRs to one or more new or current servicers or sub-servicers, including Compu-Link Corporation d/b/a Celink ("Celink") [Docket No. 243] (the "Fannie Mae Stipulation").

3. On or around January 17, 2023, a letter (the "Letter") was sent to the Claimant noting in no uncertain terms that effective February 1, 2023, the servicing of her loan, will transfer from RMF to Celink. Fannie Mae owned the Claimant's loan, and following the approval of the Fannie Mae Stipulation, at Fannie Mae's direction, the servicing of the Claimant's loan was transferred to Celink.

4. The Claimant filed Claim No. 345 (the "Claim") in the amount of $120,619.99 as a priority and secured claim with the following basis listed: "Thuy Frazier fraudulently claims Carmen M. Johnson (who is no longer occupying the property as I reported to RMF and TxHAF) and Bryan A. Johnson L/E received service AND Thuy Frazier threated further legal action if I chose to seek State Religious Exemptions from property taxes."

5. On July 31, 2023, the Plan Administrator filed the Objection seeking to disallow the Claim for the following reason: Asserted Claim is not an Estate Obligation as the loan was included in the GNMA transfer with Carrington serving as the new servicer."

---

[3] The Fannie Mae Lender Contract is defined as Fannie Mae Mortgage Selling and Servicing Contract, the Fannie Mae Selling Guide, the Fannie Mae Servicing Guide, the Reverse Mortgage Loan Servicing Manual, all supplemental servicing instructions or directives provided by Fannie Mae, all applicable master agreements, recourse agreements, repurchase agreements, indemnification agreements, loss-sharing agreements, and any other agreements between Fannie Mae and any of the Debtors, and all as amended, restated or supplemented from time to time.

6. The response deadline (the "Response Deadline") to respond to the Objection was August 14, 2023 at 4:00 p.m. (ET).

7. On September 11, 2023, the Claimant emailed to the Plan Administrator's undersigned counsel two motions addressed to the Court: a Motion to Strike False Claim for Disallowance and a Motion for Leave to File Out of Time (together, the "Motions"). The Motions are attached hereto as **Exhibit A** and **Exhibit B**. In the Motions, the Claimant states that her MSRs were never transferred to Carrington, and that Celink remained the organization servicing her loan.

8. Upon review of the Debtors' books and records, the Plan Administrator and her undersigned counsel discovered a typographical error in the Objection. As noted in the Letter, the servicing of the Claimant's loan was in fact transferred to Celink, under Fannie Mae's direction, effective February 1, 2023, not GNMA, as originally alleged in the Objection. Fannie Mae retained Celink to continue servicing the Claimant's loan. Upon information and belief, the Claimant's loan continues to be serviced by Celink.

9. On September 15, 2023, the Plan Administrator's counsel contacted the Claimant and informed her that she was correct and that her loan was being serviced by Celink, not Carrington. However, she was informed that because her loan was no longer being serviced by RMF, the justification of the Objection remained the same: the Claim is not an Estate Obligation.

10. On September 21, 2023, the Plan Administrator filed a revised proposed order [Docket No. 859] (the "Revised Proposed Order") which corrected the error in the Objection and instead stated, as reason for disallowance, that the "[a]sserted Claim is not an Estate Obligation as the loan was included in the FNMA transfer with Celink serving as the new servicer."

11. The Claimant has continued to oppose the Objection through email communications with the undersigned counsel and with Kroll Restructuring Administration, the

Debtors' claims and noticing agent, as well as through sending a Motion to Reinstate Automatic Stay (the "Stay Motion") to the Plan Administrator's counsel addressed to the Court. The Stay Motion is attached hereto as **Exhibit C**. The Plan Administrator does not believe there is any basis in law to extend the automatic stay as requested in the Stay Motion. The servicing of the Claimant's loan was transferred to Celink on or about February 1, 2023, at Fannie Mae's direction. Fannie Mae retained Celink as its servicer and thus the Debtors have had no involvement with the Claimant's loan as of such date. Imposition of a stay related to the Debtors would have no bearing on the actions of Celink on behalf of Fannie Mae.

12. The Plan Administrator continues to represent that the Claim is not an Estate Obligation and if not expunged, the Claimant would receive a recovery to which she is not otherwise entitled to the detriment of the Debtors' estates and other similarly situated creditors. Accordingly, the Claim should be disallowed and expunged in its entirety.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Revised Proposed Order (i) granting the relief requested herein; and (ii) granting such other and further relief as is just and proper.

Dated: September 21, 2023            **AMANDA SWIFT, AS PLAN ADMINISTRATOR**

/s/ Josef W. Mintz
Regina Stango Kelbon, Esq. (DE No. 5444)
Josef W. Mintz, Esq. (DE No. 5644)
Lawrence R. Thomas, III, Esq. (DE No. 6935)
**BLANK ROME LLP**
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  302.425.6400
Facsimile:  302.425.6464
Email:  regina.kelbon@blankrome.com
           josef.mintz@blankrome.com

lorenzo.thomas@blankrome.com

-and-

Mark S. Indelicato, Esq. (admitted *pro hac vice*)
Aleksandra Abramova, Esq. (admitted *pro hac vice*)
**THOMPSON COBURN HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:   (212) 478-7400
Email:  mindelicato@thompsoncoburn.com
           aabramova@thompsoncoburn.com

*Co-Counsel for the Plan Administrator*