IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*[1]<br><br>Wind-Down Debtors. | Chapter 11<br><br>Case No. 22-11225 (MFW)<br><br>Jointly Administered |

## CERTIFICATION OF COUNSEL FOR STIPULATION RESOLVING TCB CLAIMS

The undersigned hereby certifies as follows:

1. On November 30, 2022 (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On April 28, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and Its Debtor Subsidiaries* [ECF 724] (the "Confirmation Order") confirming the Plan. On April 30, 2023 (the "Effective Date"), the effective date of the Plan occurred and the Plan Administrator was appointed. *See Notice of (I) Entry of Order Confirming the Third Amended Joint Chapter 11*

---

[1] The remaining debtor entities in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Reverse Mortgage Investment Trust Inc. (3421) and Reverse Mortgage Funding LLC (0209). The chapter 11 cases of RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301) were closed as of May 25, 2023 [Docket No. 781]. The location of the remaining Wind-Down Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

*Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and Its Debtor Subsidiaries and (II) Occurrence of the Effective Date* [ECF 731] (the "Plan").

3. Prior to the Petition Date, the Debtors and Texas Capital Bank ("TCB") entered into the TCB Tail Facility (as defined in the Plan), and the Debtors' obligations thereunder were collateralized by unsecuritized funded amounts (such amounts, the "Tail Advances") and the proceeds of the securitization of such Tail Advances. The Tail Advances relate to securitized home equity conversion mortgage loans. The Tail Advances included, but were not limited to, draw disbursements, and mortgage insurance premiums, fees, or charges.

4. Pursuant to the Second Interim DIP Order, TCB financed post-petition Tail Advances (the "DIP Tail Advances"), and in exchange was granted first priority liens (the "DIP Liens") on a variety of the Debtors' collateral, which included, among other things, the proceeds of the DIP Tail Advances (collectively, the "TCB DIP Collateral").

5. After TCB provided the DIP Tail Advances to the Debtors, the Government National Mortgage Association ("GNMA") initiated a seizure of the Debtors' mortgage servicing rights ("MSRs"). GNMA and TCB currently dispute their respective rights regarding the DIP Liens and the Tail Advances (the "TCB Dispute").

6. In anticipation of the TCB Dispute, the *Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and its Debtor Subsidiaries* [Docket No. 577] (the "*Disclosure Statement*"), filed on March 22, 2023, provided in Section X.A.6 that "[i]n the event that TCB is unable to receive recovery in full in Cash with respect to the DIP Tail Advances from the DIP Collateral securing such DIP Tail Advances, or agree to alternative treatment with respect to the satisfaction of its DIP Claims, the Debtors bear a

material risk that the Chapter 11 Cases may be converted to cases under chapter 7 of the Bankruptcy Code."

7. In further anticipation of the TCB Dispute, paragraph 128 of the Confirmation Order provides that if TCB was unable to recover from GNMA the amount necessary to satisfy the DIP Tail Advances within 120 days after the Effective Date, subject to a further 30-day extension (the "TCB Plan Distribution Date"), TCB was permitted to seek the release of the TCB DIP Collateral, including any and all proceeds of Unencumbered Assets (as defined in the Second Interim DIP Order), to partially satisfy TCB's DIP Claims. The Confirmation Order further states that upon payment in full of TCB's DIP Claims, TCB shall have no further Claim to the TCB DIP Collateral and any remaining funds would be returned to the Debtors' Estates.

8. TCB commenced an action in the District Court for the Northern District of Texas (Case No. 2:23-cv-00156) against GNMA seeking to recover the collateral held by GNMA, but unless and until the TCB Dispute is resolved in TCB's favor, all proceeds of the Estates designated as Unencumbered Assets are currently earmarked for TCB on a first-priority basis.

9. Upon the expiration of the TCB Plan Distribution Date on September 27, 2023, TCB filed the *Motion by Texas Capital Bank for Entry of an Order to Release TCB's DIP Collateral* [Docket No. 874] seeking an order authorizing the release of the TCB DIP Collateral, which order was entered by the Court on November 7, 2023 [Docket No. 912] (the "TCB DIP Collateral Release Order"). The TCB DIP Collateral Release Order states that any undisputed TCB DIP Collateral received by the Plan Administrator after the date of the order will be distributed to TCB without further order from the Court

10. On account of TCB's DIP Liens, TCB is entitled to receive the proceeds of tax refunds due to the Debtors on account of overpaid taxes for fiscal years 2021 and 2022 (the "Tax

Refunds"). The total amount due to the Debtors on account of the Tax Refunds is $1,021,510.00, which amount TCB and the Plan Administrator agree constitutes TCB DIP Collateral that should be distributed to TCB consistent with the TCB DIP Collateral Release Order.

11. On account of TCB's DIP Liens, TCB is further entitled to amounts returned to the Debtors related to certain prepetition professional retainers paid to the Debtors' bankruptcy professionals prior to the Petition Date (the "Professional Retainers"). The total amount of the Professional Retainers in the Plan Administrator's possession is $831,897.00 and there may be additional unused pre-petition retainers that are returned to the Plan Administrator or a Chapter 7 trustee in the future, which amounts TCB and the Plan Administrator agree constitute TCB DIP Collateral that should be distributed to TCB consistent with the TCB DIP Collateral Release Order.

12. TCB is further entitled to certain funds held in a pass-through account in the amount of $1,056,325.48 that relates to the portion of paid off loans in connection with to the Tail Advances, which amount TCB and the Plan Administrator agree constitutes TCB DIP Collateral (the "Celink Pass-Through Funds," and together with the Tax Refunds and the Professional Retainers, the "Remaining TCB Collateral") that should be distributed to TCB consistent with the TCB DIP Collateral Release Order and the Final DIP Order.

13. The Plan Administrator and TCB have engaged in ongoing discussions and negotiations regarding the Remaining TCB Collateral and have agreed to enter into that certain *Stipulation Resolving TCB Claims* (the "Stipulation") attached hereto as Exhibit 1, which will become effective upon the entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order").

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**.

Dated: January 12, 2024

*/s/ Josef W. Mintz*
Regina Stango Kelbon, Esq. (DE No. 5444)
Josef W. Mintz, Esq. (DE No. 5644)
Lawrence R. Thomas III, Esq. (DE No. 6935)
**BLANK ROME LLP**
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  302.425.6400
Facsimile:  302.425.6464
Email:  regina.kelbon@blankrome.com
           josef.mintz@blankrome.com
           lorenzo.thomas@blankrome.com

-and-

Mark S. Indelicato, Esq. (admitted *pro hac vice*)
Mark T. Power, Esq. (admitted *pro hac vice*)
Joseph Orbach, Esq. (admitted *pro hac vice*)
**THOMPSON COBURN HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
Email: mindelicato@thompsoncoburn.com
          mpower@thompsoncoburn.com
          jorback@thompsoncoburn.com

*Co-Counsel for the Plan Administrator*