**EXHIBIT A**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.*[1]<br><br>Wind-Down Debtors. | Chapter 11<br><br>Case No. 22-11225 (MFW)<br><br>Jointly Administered<br><br>Re: Docket No. __ |

**ORDER APPROVING STIPULATION RESOLVING TCB CLAIMS**

Upon consideration of the *Stipulation Resolving TCB Claims* (the "Stipulation"), attached hereto as Exhibit 1, by and between the Plan Administrator of the above-captioned Debtors' estates (the "Plan Administrator") and Texas Capital Bank ("TCB" and, together with the Debtors, the "Parties" and each, a "Party"); and after due deliberation; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is APPROVED.

2. The Parties are authorized to consummate the terms of the Stipulation in accordance with its terms and provisions.

3. The Stipulation shall not be modified, altered, amended, or vacated without the written consent of the Parties to the Stipulation.

---

[1] The remaining debtor entities in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Reverse Mortgage Investment Trust Inc. (3421) and Reverse Mortgage Funding LLC (0209). The chapter 11 cases of RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301) were closed as of May 25, 2023 [Docket No. 781]. The location of the remaining Wind-Down Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

4. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

# EXHIBIT 1

# STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVERSE MORTGAGE INVESTMENT TRUST INC., *et al.,*[1]<br><br>Wind-Down Debtors. | Chapter 11<br><br>Case No. 22-11225 (MFW)<br><br>Jointly Administered |

## STIPULATION RESOLVING TCB CLAIMS

This stipulation (the "Stipulation") is entered into by and between the Plan Administrator of the above-captioned Debtors' estates (the "Plan Administrator") and Texas Capital Bank ("TCB" and, together with the Debtors, the "Parties" and each, a "Party") by and through their respective counsel. The Parties hereby stipulate and agree as follows:

**WHEREAS**, on November 30, 2022, each of the above-captioned Debtors filed voluntary petitions for relief pursuant to chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on April 28, 2023, the Court issued its *Findings of Fact, Conclusions of Law, and Order Approving Adequacy of the Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and Its Debtor*

---

[1] The remaining debtor entities in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Reverse Mortgage Investment Trust Inc. (3421) and Reverse Mortgage Funding LLC (0209). The chapter 11 cases of RMIT Cash Management LLC (6241); RMIT Operating I LLC (1844); and RMIT Operating II LLC (2301) were closed as of May 25, 2023 [Docket No. 781]. The location of the remaining Wind-Down Debtors' service address for purposes of these chapter 11 cases is: 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

1

*Subsidiaries* [Docket No. 724] (together with the exhibits, schedules, and supplements thereto, the "Confirmation Order");[2]

WHEREAS, on April 30, 2023 (the "Effective Date"), the Debtors issued their *Notice of (I) Entry of Order Confirming the Third Amended Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and its Debtor Subsidiaries and (II) Occurrence of the Effective Date* [Docket No. 731], noting the occurrence of the Effective Date of the *Third Amended Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and its Debtor Subsidiaries and (II) Occurrence of the Effective Date* [Docket No. 713] (the "Plan");

WHEREAS, the Plan Administrator is authorized to take "all steps to execute all instruments and documents necessary to effectuate the distributions to be made under [the] Plan," Plan § VII.A;

WHEREAS, prior to the Petition Date, the Debtors and TCB entered into the TCB Tail Facility (as defined in the Plan), and the Debtors' obligations thereunder were collateralized by unsecuritized funded amounts (such amounts, the "Tail Advances") and the proceeds of the securitization of such Tail Advances. The Tail Advances relate to securitized home equity conversion mortgage loans. The Tail Advances included, but were not limited to, draw disbursements, and mortgage insurance premiums, fees, or charges;

WHEREAS, pursuant to the Second Interim DIP Order, TCB financed post-petition Tail Advances (the "DIP Tail Advances"), and in exchange was granted first priority liens (the "DIP Liens") on a variety of the Debtors' collateral, which included, among other things, the proceeds of the DIP Tail Advances (collectively, the "TCB DIP Collateral");

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the Plan, as applicable.

2

**WHEREAS**, after TCB provided the DIP Tail Advances to the Debtors, the Government National Mortgage Association ("GNMA") initiated a seizure of the Debtors' mortgage servicing rights ("MSRs"). GNMA and TCB currently dispute their respective rights regarding the DIP Liens and the Tail Advances (the "TCB Dispute");

**WHEREAS**, in anticipation of the TCB Dispute, the *Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation for Reverse Mortgage Investment Trust Inc. and its Debtor Subsidiaries* [Docket No. 577] (the "Disclosure Statement"), filed on March 22, 2023, provided in Section X.A.6 that "[i]n the event that TCB is unable to receive recovery in full in Cash with respect to the DIP Tail Advances from the DIP Collateral securing such DIP Tail Advances, or agree to alternative treatment with respect to the satisfaction of its DIP Claims, the Debtors bear a material risk that the Chapter 11 Cases may be converted to cases under chapter 7 of the Bankruptcy Code";

**WHEREAS**, in further anticipation of the TCB Dispute, paragraph 128 of the Confirmation Order provides that if TCB was unable to recover from GNMA the amount necessary to satisfy the DIP Tail Advances within 120 days after the Effective Date, subject to a further 30-day extension (the "TCB Plan Distribution Date"), TCB was permitted to seek the release of the TCB DIP Collateral, including any and all proceeds of Unencumbered Assets (as defined in the Second Interim DIP Order), to partially satisfy TCB's DIP Claims. The Confirmation Order further states that upon payment in full of TCB's DIP Claims, TCB shall have no further Claim to the TCB DIP Collateral and any remaining funds would be returned to the Debtors' Estates;

**WHEREAS**, TCB commenced an action in the District Court for the Northern District of Texas (Case No. 2:23-cv-00156) against GNMA seeking to recover the collateral held by GNMA,

3

but unless and until the TCB Dispute is resolved in TCB's favor, all proceeds of the Estates designated as Unencumbered Assets are currently earmarked for TCB on a first-priority basis;

**WHEREAS**, upon the expiration of the TCB Plan Distribution Date on September 27, 2023, TCB filed the *Motion by Texas Capital Bank for Entry of an Order to Release TCB's DIP Collateral* [Docket No. 874] seeking an order authorizing the release of the TCB DIP Collateral, which order was entered by the Court on November 7, 2023 [Docket No. 912] (the "TCB DIP Collateral Release Order"). The TCB DIP Collateral Release Order states that any undisputed TCB DIP Collateral received by the Plan Administrator after the date of the order will be distributed to TCB without further order from the Court;

**WHEREAS**, contemporaneously with this Stipulation, the Plan Administrator is filing the *Plan Administrator's Motion for Entry of an Order Converting Chapter 11 Cases to Cases Under Chapter 7 and Granting Related Relief* [Docket No. 933] to convert these Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code;

**WHEREAS**, on account of TCB's DIP Liens, TCB is entitled to receive the proceeds of tax refunds due to the Debtors on account of overpaid taxes for fiscal years 2021 and 2022 (the "Tax Refunds"). The total amount due to the Debtors on account of the Tax Refunds is $1,021,510.00, which amount TCB and the Plan Administrator agree constitutes TCB DIP Collateral that should be distributed to TCB consistent with the TCB DIP Collateral Release Order;

**WHEREAS**, on account of TCB's DIP Liens, TCB is further entitled to amounts returned to the Debtors related to certain prepetition professional retainers paid to the Debtors' bankruptcy professionals prior to the Petition Date (the "Professional Retainers"). The total amount of the Professional Retainers in the Plan Administrator's possession is $831,897.00 and there may be additional unused pre-petition retainers that are returned to the Plan Administrator or a Chapter 7

4

trustee in the future, which amounts TCB and the Plan Administrator agree constitute TCB DIP Collateral that should be distributed to TCB consistent with the TCB DIP Collateral Release Order;

**WHEREAS**, TCB is further entitled to certain funds held in a pass-through account in the amount of $1,056,325.48 that relates to the portion of paid off loans in connection with to the Tail Advances, which amount TCB and the Plan Administrator agree constitutes TCB DIP Collateral (the "Celink Pass-Through Funds," and together with the Tax Refunds and the Professional Retainers, the "Remaining TCB Collateral") that should be distributed to TCB consistent with the TCB DIP Collateral Release Order and the Final DIP Order;

**WHEREAS**, the Plan Administrator requires certain additional funds in order to make all distributions to Holders of Allowed Administrative Expense Claims, finalize the transfer of the Remaining TCB Collateral to TCB, and to reserve amounts for a Chapter 7 trustee to facilitate Chapter 7 cases (the "Plan Administrator Shortfall");

**WHEREAS**, TCB has agreed that $400,000.00 may be withheld from the Professional Retainers and retained by the Plan Administrator on account of the Plan Administrator Shortfall and to allow for an orderly conversion of these Chapter 11 Cases to a Case under Chapter 7 of the Bankruptcy Code; and

**WHEREAS**, TCB and the Plan Administrator have agreed to resolve any issues regarding the transfer of the Remaining TCB Collateral to TCB in accordance with the terms of this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED, AND AGREED**, by and between the Parties through their undersigned counsel as follows:

1. The foregoing recitals are incorporated herein by reference and are made part of this Stipulation.

2. This Stipulation shall become effective upon its execution by both Parties and approval of the Court (the "Stipulation Effective Date").

3. Upon the Stipulation Effective Date, TCB agrees that $400,000.00 may be withheld from the Professional Retainers and retained by the Plan Administrator on account of the Plan Administrator Shortfall.

4. The Plan Administrator agrees to provide to TCB an accounting of the funds used as they relate to the Plan Administrator Shortfall, and upon conversion to cases under Chapter 7 of the Bankruptcy Code, any amount that is transferred to a Chapter 7 trustee.

5. The Plan Administrator will remit the Tax Refunds currently held by the Plan Administrator to TCB as soon as practicable after the Stipulation Effective Date as required by the TCB DIP Collateral Release Order, and with respect to Tax Refunds received by the Plan Administrator or Chapter 7 trustee, as applicable, after the date of this Stipulation, such Tax Refunds shall be remitted to TCB within three (3) days of receipt of the same from the respective tax authority. Based on returns that have been filed thus far, the Plan Administrator anticipates that the total amount of the Tax Refunds will be approximately $1,021,510.00.

6. As soon as practicable after the Stipulation Effective Date, the Plan Administrator will transfer to TCB the amount of $431,897.00 on account of the Professional Retainers as required by the TCB DIP Collateral Release Order, and the Plan Administrator or Chapter 7 trustee, as applicable, will remit any further amounts received after the date of this Stipulation on account of the Professional Retainers to TCB within three (3) days of receipt thereof.

7. As soon as practicable after the Stipulation Effective Date, the Plan Administrator will transfer to TCB in the amount of $1,056,325.48 on account of the Celink Pass-Through Funds as required by the TCB DIP Collateral Release Order and the Final DIP Order.

8.  TCB and the Plan Administrator are authorized to take all actions necessary to effectuate the relief provided by this Stipulation.

9.  This Stipulation shall be binding on the successors and assigns of the Parties, including their trustees and administrators.

10. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

[ *Remainder of Page Intentionally Left Blank* ]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  January 12, 2024　　　　　　　　　　**LANDIS RATH & COBB LLP**
　　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Richard S. Cobb
　　　　　　　　　　　　　　　　　　　　　　Richard S. Cobb (No. 3157)
　　　　　　　　　　　　　　　　　　　　　　Nicolas E. Jenner (No. 6554)
　　　　　　　　　　　　　　　　　　　　　　Howard W. Robertson (No. 6903)
　　　　　　　　　　　　　　　　　　　　　　919 Market Street, Suite 1800
　　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 467-4400
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 467-4450
　　　　　　　　　　　　　　　　　　　　　　Email:  cobb@lrclaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 jenner@lrclaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 robertson@lrclaw.com

　　　　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　　　　　**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
　　　　　　　　　　　　　　　　　　　　　　Kenneth S. Ziman, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　John T. Weber, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 373-3000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 757-3990
　　　　　　　　　　　　　　　　　　　　　　Email:  kziman@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 jweber@paulweiss.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Texas Capital Bank*

[Signature Page to Stipulation]

Dated:  January 12, 2024

/s/ *Josef W. Mintz*
Regina Stango Kelbon, Esq.
Josef W. Mintz, Esq.
Lawrence R. Thomas, III, Esq.
**BLANK ROME LLP**
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  302.425.6400
Facsimile:  302.425.6464
Email:

-and-

Mark S. Indelicato, Esq. (admitted *pro hac vice*)
Mark T. Power, Esq. (admitted *pro hac vice*)
Joseph Orbach, Esq. (admitted *pro hac vice*)
**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:  (212) 478-7200
Facsimile:   (212) 478-7400
Email: mindelicato@thompsoncoburn.com
           mpower@thompsoncoburn.com
           jorbach@thompsoncoburn.com

*Co-Counsel for the Plan Administrator*

[Signature Page to Stipulation]